## Northwestern Brewing Company v. Whitfield N. Alley.

1. TROVER—*What Amounts to a Conversion.*—A defendant in execution made a schedule of his property in a certain saloon, and claimed his exemption, which was allowed, the property delivered to him, and by him sold to a third person. As soon as this was done, another person holding a chattel mortgage upon other property seized all the property in the saloon, among which was the property scheduled, and prevented the removal of the same, directed that the keys should not be given up, refused to give up the property after demand, etc. *Held*, that such acts amounted to a conversion of the property.

Trover.—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

### STATEMENT OF THE CASE.

This was an action of trover brought by one Whitfield N. Alley against the Northwestern Brewing Company for the alleged conversion of personal property.

All of the property was, in the year 1890, located in the

building known as 156 Webster avenue, Chicago, and constituted the fixtures and furniture of a saloon which was carried on at that place. The saloon was owned and operated by one B. A. L. Thomson. Thomson was indebted to the Northwestern Brewing Company, defendant, in the sum of $1,200, for which he gave the brewing company judgment notes secured by a chattel mortgage upon the property mentioned.

In June, 1890, the brewing company took judgment upon its judgment notes, sued out an execution and levied upon most of the property, and sold a portion of the same.

Thereupon Thomson made a schedule of his property and claimed his statutory exemptions, which were allowed to, and properly delivered to him, whereupon he sold the property he had thus received to appellee.

As soon as the property so selected was delivered to Thomson, the brewing company foreclosed its chattel mortgage upon the property mentioned in its mortgage, and also, as is claimed by appellee, took possession of property he had bought at the execution sale, and property sold to him by Thomson, not covered by the mortgage, and took possession of that property.

The case was tried by the court without a jury.

The court found the defendant guilty of converting a portion of the property mentioned in the declaration, and rendered judgment against the defendant for about $350 and interest, amounting in all to $482.

LACKNER & BUTZ, attorneys for appellant.

DAVID J. WILE, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

From an examination of the abstract and briefs filed in this cause, we are of the opinion that the finding of the court should be sustained. Only questions of fact are involved.

We think that the court was justified in concluding that appellant immediately upon the setting aside to the judgment debtor of the articles claimed as exempt by him, seized all the property in the saloon; that it prevented the removal of such property, directed that the keys should not be given to the plaintiff, and never returned or offered to return the same, although a demand was afterward made by appellee for the property claimed by him. We do not find the evidence such that we would be warranted in reversing the conclusion of the Circuit Court; its judgment is therefore affirmed.